Filed 12/27/23  P. v. Brown CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KENNETH HARDISON BROWN,<br><br>Defendant and Appellant. | C097317<br><br>(Super. Ct. No. 2021-CR0050386) |

Defendant Kenneth Hardison Brown contends the trial court violated his right, protected by both the Sixth Amendment to the United States Constitution and Penal Code section 1170, subdivision (b),[1] to a jury trial on any fact that can expose him to greater punishment because the court sentenced him to the upper term prison sentences for burglary and assault without the prosecution pleading or a jury finding true any facts in

---

[1]  Undesignated statutory references are to the Penal Code.

1

aggravation of those crimes. The People agree that we should vacate defendant's sentence and remand for resentencing. We agree with the parties that the trial court erred when imposing upper term sentences absent properly found aggravating circumstances and the error was not harmless. Accordingly, we will vacate defendant's sentence and remand for a full resentencing.

## FACTS AND PROCEEDINGS

Defendant visited his friend M.A.'s house at approximately 1:00 a.m. and asked for a bowl of cereal. While defendant was eating, M.A. pulled a lighter out of his pants pocket and $700 in cash fell out. Defendant finished eating and, as he was leaving M.A.'s house, he looked over at a box of large wrenches. Defendant left, and M.A. went to bed. M.A. awakened shortly after 4:00 a.m. to assist his wife to the bathroom. After helping his wife back to bed, M.A. made coffee and was sitting at the dining room table playing a game on his phone when defendant reentered the house. M.A. and defendant had an understanding that defendant did not need to knock and could just walk into M.A.'s house.

Defendant approached and hit M.A. twice in the head with one of the large wrenches. M.A. fell to the floor, and defendant started punching him. M.A. then pushed himself up, grabbed defendant, and tackled him into the kitchen. While holding defendant down, M.A. began feeling weak, so he told defendant he would let him up if defendant left. M.A.'s wife awoke and began screaming at defendant to let M.A. go and leave him alone. M.A.'s wife then left the house. M.A. let defendant go, and defendant got up and left through the front door.

M.A. followed to the front door and saw defendant in an aggressive stance, holding a car battery, and telling M.A.'s wife that he would smash her if she did not get out of his way. M.A. picked up a wood chisel and threw it at defendant, hitting him. Defendant dropped the battery and ran away. When M.A. went back inside, he saw a lot of blood and the cash from his pocket on the kitchen floor. M.A. counted the money and

2

discovered a $100 bill was missing. Because he was bleeding profusely from his head, M.A. was taken to the hospital, where the medical staff used 27 staples to close the wound.

The prosecution charged defendant with attempted murder, first degree robbery, first degree burglary, and assault with a deadly weapon. The prosecution also alleged that defendant used a deadly or dangerous weapon, committed the offenses while released on bail, and inflicted great bodily injury. No other circumstances in aggravation of the crimes were alleged. The jury failed to reach a verdict on the attempted murder charge, found defendant not guilty of robbery, and found defendant guilty of burglary and assault. The jury also found true the allegation that defendant inflicted great bodily injury in committing the assault. In a bifurcated trial, the trial court found true allegations that defendant committed the burglary and assault while released on bail.

The probation report noted three "aggravating factors for merely informational purposes," not "to argue for a heftier sentence": (1) the crime involved acts disclosing a high degree of viciousness and callousness (California Rules of Court, rule 4.421(a)(1))[2]; (2) the manner in which the crime was carried out indicated a measure of planning (rule 4.421(a)(8)); and (3) defendant has engaged in violent conduct that indicates he is a serious danger to society (rule 4.421(b)(1)). The probation report recommended the upper term prison sentences for burglary and assault without addressing the constitutional or statutory requirements for imposing upper term sentences.

In its sentencing brief, the prosecution argued "there are some aggravating factors the court can consider without a jury finding," without further elaboration. At the sentencing hearing, defense counsel argued that the trial court could not impose an upper term sentence because the prosecution had not pleaded any aggravating circumstances or

---

[2] Undesignated rule references are to the California Rules of Court.

proven any to the jury. The prosecution suggested the trial court could consider "the objectives of sentencing pursuant to Rule 4.410" to impose an upper term sentence, in lieu of aggravating circumstances proven to a jury. The court then asked the probation officer about imposing an upper term sentence in the absence of any aggravating circumstances, to which the probation officer responded: "I believe with the updated statute within [section] 1170[, subdivision] (h), there is a section in there that says the Court does have the discretion to impose the upper term with the clear and convincing evidence of the nature and seriousness of the offense." The court responded: "That's what my research indicated as well."

After hearing from the parties, the trial court reviewed the evidence presented at trial and in the probation report as a basis for its sentencing decisions. Despite the earlier discussion with the probation officer, the court found defendant ineligible for sentencing under section 1170, subdivision (h). The court then explained it was "not using the circumstances in aggravation pursuant to [rule] 4.421 to determine the appropriate sentence," but nevertheless noted for "informational purposes" that defendant's actions fit the aggravating circumstances listed in sections (a)(1), (a)(8), and (b)(1) of rule 4.421.

The trial court felt "particularly disturbed" by defendant's "lack of remorse," based on defendant's statements to his mother during a phone call from jail. According to the probation report, defendant told his mother: "I am in jail from people I beat up snitching on me that were hanging out with child molesters. I asked for a gun so I could kill those people, you didn't give it to me and then I got shot so I don't know what to say to that. Cause now they snitched on me, and I'm in jail and I almost died, so I guess I should have just had that arranged ahead of time to where I could kill him myself." Defendant also told his mother, "God had already forgave [*sic*] him because, 'all work is good work when it's done for the right reasons.' " When his mother asked what he did, defendant responded, "I assaulted someone premeditated, with full intentions of GBI,

4

which is great bodily harm and then I got shot for it.  You know why I didn't feel like I deserve to be shot?  Because I didn't murder the piece of shit in the first place."

The trial court then sentenced defendant to the upper term sentence of four years in prison for assault and the upper term sentence of six years in prison for burglary, based on "all of the reasons and objectives the Court[] [has] previously noted."  The court also imposed a two-year enhancement for each of its findings that defendant committed an offense while released on bail and imposed a three-year enhancement for the jury's finding that defendant inflicted great bodily injury.  The court then stayed the sentence for burglary and the associated on bail enhancement pursuant to section 654, resulting in a total sentence of nine years in prison, plus a consecutive eight months in prison for a vandalism charge in a separate case.

Defendant timely appealed from the judgment.

## DISCUSSION

Defendant contends the trial court sentenced him to the upper term sentences for burglary and assault in violation of the Sixth Amendment and section 1170, subdivision (b), and this error requires remand for resentencing.  The People agree, as do we.

I

*Erroneous Upper Term Sentences*

Specifically, defendant contends the trial court erred by imposing upper term sentences when the prosecution did not plead any aggravating circumstances and the jury did not find any aggravating circumstances true beyond a reasonable doubt.  The People dispute the need to include aggravating circumstances in the accusatory pleading, but concede the trial court erred in imposing an upper term sentence in the absence of properly established aggravating circumstances.  We agree with the People as to the pleading and with both parties as to proving aggravating circumstances.

Under the Sixth Amendment, " 'any fact [other than a prior conviction] that exposes a defendant to a greater potential sentence must be found by a jury, not a judge,

5

and established beyond a reasonable doubt, not merely by a preponderance of the evidence.' " (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1110.)  California law requires "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term" (§ 1170, subd. (b)(2)), which means a jury must find at least one aggravating circumstance true beyond a reasonable doubt for an upper term sentence to comply with the Sixth Amendment.  (*Zabelle,* at p. 1111.)  The trial court may only consider aggravating circumstances if "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.)  Section 1170 does not "require that any circumstances in aggravation be alleged in an indictment or information."  (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 940.)

Here, the trial court announced it was "not using the circumstances in aggravation pursuant to [rule] 4.421 [of the California Rules of Court] to determine the appropriate sentence," yet the court still selected two upper term sentences.  In other words, despite acknowledging explicitly that the prosecution had not met the requirements of the Sixth Amendment or section 1170, subdivision (b), the trial court nevertheless imposed upper term sentences.  This violated defendant's constitutional and statutory rights.

Further, the trial court relied on flawed arguments to sidestep the requirements of the Sixth Amendment and section 1170.  First, the prosecutor's argument that the general objectives of sentencing listed in rule 4.410, taken from section 1170, subdivision (a), can override the specific requirements in section 1170, subdivision (b) for imposing upper term sentences is contrary to several basic rules of statutory interpretation.  (See *Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 532 ["[i]f a rule is inconsistent with a statute, the statute controls"]; *People v. Wilcox* (2013) 217 Cal.App.4th 618, 624 ["[u]nder well-established rules of statutory construction, specific statutes govern general statutes. [Citation.]  '[T]o the extent a specific statute is inconsistent with a general statute

6

potentially covering the same subject matter, the specific statute must be read as an exception to the more general statute' "]; *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1285 [" '[w]ell-established canons of statutory construction preclude a construction [that] renders a part of a statute meaningless or inoperative' "].) Second, the probation officer's statement that section 1170, subdivision (h) gave the trial court "discretion to impose the upper term with the clear and convincing evidence of the nature and seriousness of the offense" has no basis in the law.

II

*Prejudice*

Having established that the trial court erred in selecting upper term sentences without adequate process, we must determine whether the error requires reversal. (See Cal. Const., art. VI, § 13; *Washington v. Recuenco* (2006) 548 U.S. 212, 218-222.) We first address the trial court's violation of defendant's Sixth Amendment right to a jury trial, which we may find harmless only if we conclude, "beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury." (*People v. Sandoval* (2007) 41 Cal.4th 825, 839 (*Sandoval*); *Washington,* at pp. 218-222; *People v. Zabelle*, *supra*, 80 Cal.App.5th at pp. 1111-1112.)

As an initial matter, we reject defendant's assertion that his sentence is "unauthorized" and therefore not subject to harmless error analysis. Section 1170 does not authorize trial courts to impose upper term sentences without properly found aggravating circumstances justifying those sentences, but this is not the type of "unauthorized sentence" addressed in the cases defendant cites. " 'The "unauthorized sentence" rule generally permits . . . defendant[s] to "challenge an unauthorized sentence on appeal *even if they failed to object below*." ' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1130.) In other words, this rule creates a " 'narrow' category of nonforfeitable error," but does not affect our constitutional duty to ensure judgments are reversed only when an

7

error was not harmless.  (*Id.* at p. 1130.)  Defendant has offered no authority contradicting established precedent that "harmless error analysis applies to the failure to submit a sentencing factor to a jury."  (*Sandoval*, *supra*, 41 Cal.4th at p. 838; accord *Washington v. Recuenco*, *supra*, 548 U.S. at pp. 218-222.)

Further, defendant's sentence is not the sort of "unauthorized sentence" addressed by the rule.  "[A]n unauthorized sentence or one in excess of jurisdiction is a sentence that 'could not lawfully be imposed under any circumstance in the particular case.' " [Citation.]  The appellate court may intervene in the first instance because these errors 'present[] "pure questions of law" [citation], and [are] " 'clear and correctable' " independent of any factual issues presented by the record at sentencing" ' and without 'remanding for further findings.' "  (*In re G.C.*, *supra*, 8 Cal.5th at p. 1130.)  Here, the trial court could have imposed an upper term sentence with proper findings, which could have been established by a jury, by the court if defendant waived the jury, or by stipulation.  (§ 1170, subd. (b)(2).)

Instead, we will apply the harmless error standard for constitutional error in failing to submit a sentencing factor to the jury.  (*Sandoval*, *supra*, 41 Cal.4th at pp. 839-840.)

We first note that at defendant's trial, the jury determined that defendant inflicted great bodily injury upon the victim, but that finding cannot support both the enhancement and an aggravating circumstance.  (§ 1170, subd. (b)(5); rule 4.420(g).)

Next, although the trial court expressly denied reliance on rule 4.421 factors, it mentioned the three aggravating circumstances listed in the probation report:  The crime involved a high degree of cruelty, viciousness, and callousness (rule 4.421(a)(1)); the manner of the crime indicated planning (rule 4.421(a)(8)) and defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)).  Additionally, defendant's lack of remorse "particularly disturbed" the court.  (See rule 4.421(c) [court may consider as aggravating any other factors that reasonably relate to the defendant].)

8

In applying harmless error analysis in this context, we "cannot necessarily assume that the record reflects all of the evidence that would have been presented had aggravating circumstances been submitted to the jury" because defendant "did not necessarily have reason—or the opportunity—during trial to challenge the evidence supporting these aggravating circumstances unless such a challenge also would have tended to undermine proof of an element of an alleged offense." (*Sandoval*, *supra*, 41 Cal.4th at p. 839.) "Furthermore, although defendant did have an incentive and opportunity at the sentencing hearing to contest any aggravating circumstances mentioned in the probation report or in the prosecutor's statement in aggravation, that incentive and opportunity were not necessarily the same as they would have been had the aggravating circumstances been tried to a jury." (*Ibid.*) "Additionally, to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Id.* at p. 840.) "The sentencing rules that set forth aggravating circumstances were not drafted with a jury in mind," so "they are 'framed more broadly than' criminal statutes and necessarily 'partake of a certain amount of vagueness which would be impermissible if those standards were attempting to define specific criminal offenses.' " (*Ibid.*)

With these considerations in mind, we are not convinced, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, would have found the facts underlying any of these aggravating circumstances true. First, whether the crime involved a high degree of cruelty, viciousness, and callousness is a subjective determination about defendant's intent. Here, the jury appeared to have reasonable doubts about defendant's violent intent, failing to reach a verdict on the attempted murder charge and returning a not guilty verdict on the robbery charge. Second, whether the manner in which the crime was carried out indicated planning is a vague circumstance,

and we cannot say beyond a reasonable doubt that the jury would have considered the amount of planning involved in such a chaotic situation--reentering a friend's house at 4:00 a.m., assaulting the friend with a wrench, and grabbing $100 off the floor--sufficient to aggravate the crime. Third, we cannot say the jury would have found defendant to have engaged in violent conduct that indicates a serious danger to society, another subjective standard, especially because the assault and victim's injury already supported the great bodily injury enhancement and could not be considered for this purpose. Defendant's prior criminal history consists of a misdemeanor for selling liquor to a minor, which is not violent conduct. Finally, the trial court found defendant lacked remorse based on the transcript of one phone call with his mother, which was borderline incoherent and somewhat nonsensical. We are not confident the record would have been so sparse had defendant's remorsefulness been tried to a jury, nor are we convinced the jury would have assessed the phone call the same way the trial court did.[3]

Because we are not convinced the jury would find true any of these aggravating circumstances, we conclude the trial court's violation of defendant's constitutional right to a jury trial on aggravating circumstances was not harmless. We will vacate defendant's sentence and remand for a full resentencing, including application of any new sentencing laws that may apply to defendant. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425.) Accordingly, we need not and do not address whether the trial court's violation of defendant's statutory right to a jury trial on aggravating circumstances requires remand. Nor need we reach defendant's second contention that the trial court improperly imposed two enhancements under section 12022.1, subdivision (b). The parties may bring these issues to the attention of the trial court at the resentencing hearing.

---

[3] (See also *People v. Salazar* (2023) 15 Cal.5th 416, 431-432.)

**DISPOSITION**

Defendant's sentence is vacated and the matter is remanded for a full resentencing hearing conducted in accordance with current law.  In all other respects, the judgment is affirmed.


/s/
Duarte, Acting P. J.


We concur:


/s/
Renner, J.


/s/
Krause, J.

11